CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 09, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY ALLEN KERSEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROCKBRIDGE REGIONAL JAIL, )<br>)<br>Defendant. ) | Civil Action No. 7:24cv00333<br><br>**MEMORANDUM OPINION**<br><br>By:  Hon. Thomas T. Cullen<br>      United States District Judge |

Plaintiff Gregory Allen Kersey, an inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against the Rockbridge Regional Jail ("Jail"). Kersey seeks leave to proceed *in forma pauperis* with this action. Having reviewed the record, the court grants Kersey's request to proceed *in forma pauperis* but concludes that his complaint fails to state a cognizable federal claim against the Jail. Therefore, the court will dismiss Kersey's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Kersey alleges that ever since he arrived at the Jail, he has received his Suboxone[1] medication crushed up and in water, instead of "under [his] tongue like it [is] supposed to be take[en,] so it can d[issol]ve." (Compl. at 2 [ECF No. 1].) Kersey argues that he "just want[s] [to] be [treated] equally like everyone else that takes the medication also." (*Id.* at 3.) Kersey names only the Jail as a defendant.

---

[1] Suboxone is "used to treat narcotic (opiate) addiction" and is "not for use as a pain medication." Drugs.com, *Suboxone*, available at https://www.drugs.com/suboxone.html (last visited July 9, 2024). "Suboxone contains a combination of buprenorphine and naloxone. Buprenorphine is an opioid medication, sometimes called a narcotic. Naloxone blocks the effects of opioid medication, including pain relief or feelings of well-being that can lead to opioid abuse." *Id.*

The court conditionally filed Kersey's complaint, advised him that his complaint failed to state a claim against the Jail, and gave him the opportunity to file an amended complaint. (*See* ECF No. 6.) The court advised Kersey that if he failed to amend the complaint to correct the noted deficiency within 21 days, the court would assume that he stands on his original complaint and waives his right to amend. The court also warned Kersey that failure to amend his complaint would result in dismissal of the complaint. Kersey did not file an amended complaint.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983 and Kersey cannot maintain this action against the Jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail."). Accordingly, the court will dismiss this action for failure to state a claim against the named defendant.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Kersey.

**ENTERED** this 9th day of July, 2024.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE